## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **Chemical Toxin Working Group Inc., d/b/a HealthyLivinG Foundation,** on behalf of themselves and all others similarly situated, 370 S. Doheny Dr., Beverly Hills, CA 90211 | **Civil Action No.  22-cv-01259** |
| **Plaintiff,** | |
| **v.** | |
| **Johnson & Johnson**, One Johnson & Johnson Plaza, New Brunswick, NJ 08933 and **Johnson & Johnson Consumer Inc.**, One Johnson & Johnson Plaza, New Brunswick, NJ 08933, | |
| **Defendants.** | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Johnson & Johnson and Johnson and Johnson Consumer, Inc. (together "Defendants" or "JJCI") hereby remove this action pursuant to 28 U.S.C. §§ 1332(d)(2); 1441(a), (b); and 1446 from the Superior Court of the District of Columbia, Civil Division to the United States District Court for the District of Columbia. [1]   The grounds for removal are set forth below.

## I.  BACKGROUND

1.      On April 15, 2022, Plaintiff Chemical Toxin Working Group Inc., d/b/a HealthyLivinG Foundation ("HLF"), commenced this action against JJCI in the Superior Court for the District of Columbia as Civil Action No. 2022 CA 001655 B.  JJCI has not yet been served, so this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b) (requiring removal within 30 days of

---

[1] Johnson & Johnson does not produce or market the products at issue and is not a proper defendant in this action.

service).

2.       In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint, the Summonses, all documents filed with the District of Columbia Superior Court, and the Superior Court Docket Report, are attached as **Exhibit A**.  These documents comprise all process, pleadings, and orders filed to date in this action.

3.       Pursuant to 28 U.S.C. § 1446(d), JJCI will promptly give written notice of this Notice of Removal to HLF's counsel and file a copy of the same with the Clerk of the Superior Court of the District of Columbia, Civil Division.

4.       HLF, a self-described public-interest organization based in Beverly Hills, California, purports to bring this action on behalf of itself and the general public of the District of Columbia against Defendants, two New Jersey corporations headquartered in New Jersey.  Compl. ¶¶ 13, 25, 26.

5.       This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act, or "CAFA"), as the parties are minimally diverse, HLF seeks damages in excess of $5,000,000, and there are over 100 putative class members.

6.       HLF alleges that JJCI has engaged in "unlawful trade practice[s]" in violation of the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.*, through "false and misleading" advertising for certain of its products.  Compl. ¶¶ 92, 153.  Specifically, HLF contends that JJCI markets and promotes certain products as containing "no parabens, phthalates or dyes" when, according to HLF, those products in reality "contain a number of different phthalates."  *Id.* ¶¶ 2, 4.  HLF refers to these products in its complaint as the "No-Phthalate Products."

7.       HLF claims to bring this case "on behalf of the general public," *id.* ¶ 22, and further

alleges that this is a "proposed class action … on behalf of all other members of the class" which is brought "pursuant to Superior Court Rule of Civil Procedure 23 on [HLF's] own behalf and on behalf of a proposed class of all persons in the District of Columbia who purchased the Johnson & Johnson No-Phthalate Products … at any time from three (3) years preceding the date of filing of [the] Complaint." *Id.* ¶¶ 1, 141.

8.    HLF seeks "[a]n Order certifying that the action may be maintained as a class action," a "Declaration that Defendant's conduct is in violation of the CPPA," an "Order enjoining Defendant's conduct found to be in violation of the CPPA," and an "Order requiring the Defendant to pay treble damages or $1,500 per violation, whichever is greater."  *Id.* Prayer for Relief.  HLF also seeks "costs, expenses, and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law." *Id.*

## II.  THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(d)(2)

9.    "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332(d)(2). "Under this provision, federal courts have original jurisdiction over cases where minimal diversity is satisfied (that is, where at least one plaintiff is diverse from at least one defendant), the number of putative class members is greater than one hundred, and the total amount in controversy as to all plaintiffs is greater than $5 million." *Beyond Pesticides v. Exxon Mobil Corp.*, Civil Action No. 20-1815 (TJK), 2021 U.S. Dist. LEXIS 53032, at *6 (D.D.C. Mar. 22, 2021) (internal quotation marks omitted).  This case satisfies all three requirements.

### A.  The Parties Are Minimally Diverse

10.     Both Defendants are New Jersey corporations with their principal places of business in New Jersey.  Compl. ¶¶ 25-26 & **Exhibits B & C.**

11.     HLF is organized under the laws of California and has its principal place of business in California.  *See* **Exhibit D**.

12.     Because HLF shares no state citizenship with either Defendant, the parties are minimally diverse.

### B.  The Number of Putative Class Members Exceeds One Hundred

13.     HLF brings this action "pursuant to Superior Court Rule of Civil Procedure 23 on their own behalf and on behalf of a proposed class of all persons in the District of Columbia who purchased the Johnson & Johnson No-Phthalate Products … at any time from three (3) years preceding the date of filing of [the] Complaint." Compl. ¶¶ 1, 141.

14.     The population of Washington, D.C. was approximately 670,050 in 2021.  *See* https://www.census.gov/quickfacts/DC.  The products at issue include several popular infant-care products such as Johnson's Baby Shampoo.  Accordingly, there can be no doubt that well over 100 putative class members purchased the relevant J&J products over the three-year time period.

### C.  The Amount in Controversy Exceeds $5,000,000

15.     A party seeking to remove an action to federal court need make only a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Supporting evidence is required only if "plaintiff contests, or the court questions, the defendant's allegation."  *Id.*; *see also Beyond Pesticides v. Dr. Pepper Snapple Grp., Inc.*, 322 F. Supp. 3d 119, 121 (D.D.C. 2018).

16.     This action satisfies the $5,000,000 jurisdictional threshold because HLF seeks

statutory damages of $1,500 per violation, or treble damages, "whichever is greater." Compl. Prayer for Relief.

17.     Under the CPPA, a "violation" of the statute occurs each time a customer purchases an allegedly mislabeled product. *See Sloan v. Soul Circus, Inc.*, Civil Action No. 15-01389 (RC), 2015 U.S. Dist. LEXIS 169565, at *25 (D.D.C. Dec. 18, 2015) (each purchase of allegedly deceptive circus tickets constituted a separate "violation" for purposes of the CPPA).

18.     HLF identifies four (4) JJCI products whose labels it contends violate the CPPA. Compl. ¶ 1. In October 2021, a single representative month, JJCI sold 415,392 units of the four disputed products throughout the United States. *See* Decl. of Kirsten Hurley, attached as **Exhibit E**. The population of the United States in 2021 was approximately 331,893,745. *See* https://www.census.gov/quickfacts/fact/table/US/PST045221.[2] As noted above, the population of Washington, D.C. was approximately 670,050 in 2021. *See* https://www.census.gov/quickfacts/DC. Thus, on average, in any given month, approximately 0.2% of all "No-Phthalate" product sales occur in Washington, D.C. This translates to roughly 839 sales (or alleged "violations") per month. At $1,500 in statutory damages per violation, this amounts to approximately $1,257,933 in damages per month. Over a three-year period, the statutory damages sought by HLF well exceed $5,000,000.

19.     A potential award of statutory damages is a well-established means of satisfying CAFA's amount-in-controversy requirement. *See Bradford v. George Wash. Univ.*, 249 F. Supp. 3d 325, 331 (D.D.C. 2017) (including statutory damages in calculating amount-in-controversy under CAFA). The amount in controversy here easily exceeds CAFA's $5,000,000 jurisdictional

---

[2] "U.S. Census data is an appropriate subject of judicial notice." *Texas v. United States*, 887 F. Supp. 2d 133, 156 n.23 (D.D.C. 2012), *vacated and remanded by Texas v. United States*, 570 U.S. 928 (2013).

threshold.

20.     The attorneys' fees sought by HLF further support jurisdiction under CAFA.  Under the CPPA, attorneys' fees may be awarded to the prevailing party based on the amount of time reasonably expended, *see* D.C. Code § 28-3905(k)(2)(B), and in this District, attorneys' fees "may be counted towards establishing a jurisdictional amount when they 'are provided for by . . . [the] statute in controversy.'"  *Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 153 n.9 (D.D.C. 2014).

21.     HLF seeks an "Order granting Plaintiff's costs, expenses, and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law."  Compl., Prayer for Relief.  Courts in CPPA cases have awarded fees and expenses that range into the hundreds of thousands of dollars.  *See, e.g.*, *Williams v. First Gov't Mortg. & Inv'rs' Corp.*, 225 F.3d 738, 745-47 (D.C. Cir. 2000) ($199,340); *Beck v. Test Masters Educ. Servs., Inc.*, 73 F. Supp. 3d 12, 20 (D.D.C. 2014) ($854,623.90); *In re InPhonic, Inc.*, 674 F. Supp. 2d 273, 289 (D.D.C. 2009) ($453,885.31); *Dist. Cablevision L.P.* v. *Bassin*, 828 A.2d 714, 718 (D.C. 2003) ($425,916.25); *Jackson v. Byrd*, Civ. No. 01-825, 2004 WL 3249692, at *4 (D.C. Super. Ct. Sept. 2, 2004) ($196,000).  These cases are representative of the substantial fees HLF could recover were it to prevail on its claims, and further support removal under CAFA.

22.     In sum, because the parties are minimally diverse, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2).

### III.  CONCLUSION

23.     For all of the foregoing reasons, this action is properly removed to this Court.

24.     JJCI reserves the right to amend or supplement this Notice of Removal, and

reserves all rights and defenses, including those available under Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully remove this action from the Superior Court of the District of Columbia (Case No. 2022 CA 001655 B) to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Clerk of the District of Columbia Superior Court and served upon HLF.

Dated: May 6, 2022                             Respectfully submitted,

       */s/ Anthony T. Pierce*
Anthony T. Pierce (D.C. Bar No. 415263)
Miranda A. Dore (D.C. Bar No. 1617089)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, District of Columbia 20006
Telephone: (202) 887-400
apierce@akingump.com
mdore@akingump.com

Steven A. Zalesin (*pro hac vice application to be filed*)
Andrew D. Cohen (*pro hac vice application to be filed*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: 212-336-2000
sazalesin@pbwt.com
acohen@pbwt.com

*Attorneys for Johnson & Johnson*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 6, 2022, the foregoing was served on all parties by operation of this Court's Electronic Filing System.

*/s/ Anthony T. Pierce*
Anthony T. Pierce
