# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHEMICAL TOXIN WORKING GROUP INC.** <br> **DBA HEALTHYLIVING FOUNDATION INC.,** <br> On behalf of themselves and all others <br> similarly situated, as defined herein, <br><br> *Plaintiff,* <br><br> v. <br><br> **JOHNSON & JOHNSON**, <br><br> and <br><br> **Johnson & Johnson Consumer Inc.** <br><br> *Defendants.* | Case No. **1:22-cv-01259-RCL** |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Chemical Toxin Working Group Inc., d/b/a HealthyLivinG Foundation Inc. ("Plaintiff" and/or "Disclosing Party") hereby submits the following disclosures:

**Rule 26(a)(1)(A)(i)** – The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support his or her claims or defenses, unless the use would be solely for impeachment:

| Name of Individual <br> Likely to have Discovery Information | Contact Information <br> (Address and Telephone Number) | Subject Matter <br> of Discoverable Information |
|---|---|---|
| Cassen Testing Laboratories | 51 International Blvd., Etobicoke, ON Canada M9W 6H3 | Product testing |
| Ellipse Analytical | 7000 Broadway Suite 307 Denver, CO, 80249 | Product testing |

| Name of Individual<br>Likely to have Discovery Information | Contact Information<br>(Address and Telephone Number) | Subject Matter<br>of Discoverable Information |
|---|---|---|
| American Testing Lab | 5820 Oberlin Dr. Suite 108<br>San Diego, CA 92121 | Product testing |
| Legend Technical Services, Inc. | 88 Empire Drive<br>Saint Paul, MN 55103 | Product testing |
| Micro Quality Labs | 3125 N. Damon Way,<br>Burbank, California 91505 | Product testing |
| David W. Steinman, Chief Officer of Chemical Toxin Working Group Inc. dba HealthyLivinG Foundation Inc.<br><br>1801 Chart Trail<br>Topanga, CA 90290 | Contact Counsel | Product testing, phthalate levels in products |
| Joaquin Duato, Chaiman of the Board and Chief Executive Officer of Johnson & Johnson | Johnson & Johnson<br>Corporate Office<br>1 Johnson and Johnson Plaza<br>New Brunswick<br>New Jersey, US  08933 | Product testing, phthalate levels in products, advertising and marketing, labeling and representations, sales |
| Thibaut Mongon, leader of consumer health business at Johnson & Johnson and CEO of Kenvue | Johnson & Johnson<br>Corporate Office<br>1 Johnson and Johnson Plaza<br>New Brunswick<br>New Jersey, US  08933 | Product testing, phthalate levels in products, advertising and marketing, labeling and representations, sales |
| Target | Principal Executive Office<br>1000 Nicollet Mall<br>Minneapolis, MN 55403 | Product sales |
| Amazon | Amazon Corporate Headquarters<br>410 Terry Ave N.,<br>Seattle, WA 98109 | Product sales |
| CVS | CVS Health<br>Corporate Headquarters<br>One CVS Drive<br>Woonsocket, RI 02895 | Product Sales |
| Walmart | Walmart Headquarters<br>702 SW 8TH St.<br>Bentonville, AR 72716 | Product Sales |

| Name of Individual<br>Likely to have Discovery Information | Contact Information<br>(Address and Telephone Number) | Subject Matter<br>of Discoverable Information |
|---|---|---|
| BuyBuy Baby | Corporate Headquarters<br>650 Liberty Ave,<br>Union, NJ 07083 | Product Sales |
| Walgreens | 108 Wilmot Rd.<br>Deerfield, IL 60015 | Product Sales |

Plaintiff also identifies the following:

A. Without waving any objections, any witness whom Defendants may designate under Fed. R. Civ. P. 30(b)(6) or identify in its own initial disclosures.

B. Without waiving any objections, all fact witnesses who submit a declaration for any purpose in this case.

C. Without waiving any objections, any testifying expert witnesses who may later be disclosed by any party in this case.

D. Without waiving any objections, any witness not identified by Defendants to present rebuttal testimony.

E. Without waiving any objections, all past and present employees of the Defendants with discoverable information relevant to the facts and circumstances underlying this action, including, but not limited to, Defendants' marketing strategies, supply sources, and quality control procedures. The identities of these persons are in the possession, custody, or control of the Defendant.

F. Without waiving any objections, any and all past and present employees; agents of the Defendants; and all retailers, wholesale entities and distributors that sell the Defendants' Products, with discoverable material information relevant to the total sales figures for the Products, during the relevant time period.

**Rule 26(a)(1)(A)(ii)** – A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in his or her possession, custody, or control and may use to support his or her claims or defenses, unless the use would be solely for impeachment. (Please note that the disclosing party may either produce the documents, electronically stored information, and tangible things or fill in the below.):

    A.    Documents disclosing the testing results of the Products in the Complaint and other products sold and marketed by Defendants.

    B.    Documents disclosing Defendants' advertising and marketing of the Products.

    C.    Documents disclosed in the Complaint.

    D.    Any documents and declarations that Defendants may later produce in this case, including but not limited to any document or declaration cited in any parties' interrogatory responses or introduced as an exhibit in a deposition.

    E.    Any documents and declarations that any third party may later produce in this case in response to a subpoena.

    F.    All responses to written discovery requests that any party may later serve in this case.

    G.    All pleadings, memoranda, declarations, exhibits, and any other documents filed on the docket in this matter by any party or third party.

**Rule 26(a)(1)(A)(iii)** – A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material (unless privileged or protected from disclosure) on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

The full computation of damages cannot be determined until information is obtained from Defendants and/or third parties and will require expert discovery and analysis. Nonetheless, based on information presently available, Plaintiff seeks the following remedies in this action, in addition to any other and further relief the Court deems necessary and proper:

> A. For an order certifying one or more classes under Federal Rules of Civil Procedure 23 and naming Plaintiff as Class representative.
>
> B. For an order declaring that Defendants' conduct violates the statutes as described in the operative complaint.
>
> C. For an order finding in favor of Plaintiff and Class members on all counts asserted in the operative complaint.
>
> D. For damages and/or restitution in amounts to be determined by the Court and/or jury;
>
> E. For prejudgment interest on all amounts awarded;
>
> F. For injunctive relief as pleaded or as the Court may deem proper; and
>
> G. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

**Rule 26(a)(1)(A)(iv)** – For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment: Plaintiff is unaware of any insurance policy or agreement related to this matter, apart from any applicable insurance policies that may be identified by Defendants.

Additionally, Plaintiff reserves the right to call any other chemists, toxicologists, teratologists, scientific specialists and/or laboratories who have tested, examined, and/or evaluated Defendants' Products. Plaintiff reserves the right to supplement, add, and/or amend its disclosures list as discovery progresses.

Dated: May 22, 2023

                Respectfully submitted,

                */s/ Julie T. Oliver-Zhang*
                Julie Oliver-Zhang, *Esq*. (D.C. Bar No. 997183)
                **Oliver-Zhang Law, PLLC**
                810 New Hampshire Ave. NW
                Washington, DC 20037
                Phone: (202) 643-1110
                Fax: (202) 643-1596
                Email: julie@oliverzhanglaw.com
                *Lead Counsel for Plaintiff HLF*

                **KAPLAN FOX & KILSHEIMER LLP**
                Laurence D. King (Admitted Pro Hac Vice)
                Kathleen A. Herkenhoff (Admitted Pro Hac Vice)
                Matthew B. George (Admitted Pro Hac Vice)
                Blair E. Reed (Admitted Pro Hac Vice)
                1999 Harrison Street, Suite 1560
                Oakland, CA 94612
                Telephone: 415/772-4700
                415/772-4707 (fax)
                lking@kaplanfox.com
                kherkenhoff@kaplanfox.com
                mgeorge@kaplanfox.com
                breed@kaplanfox.com

                **POULSEN LAW P.C.**
                Aida Poulsen (Pro Hac Vice pending)
                282 11th Avenue, Suite 2612
                New York, NY 10001
                Telephone: (650) 296-1014
                Email: ap@poulsenlaw.org
                *Attorneys for Plaintiff and the Proposed Class*

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, a copy of the foregoing was served via electronic mail and the court's electronic filing system on all counsel of record:

Anthony T. Pierce (D.C. Bar No. 415263)
Miranda A. Dore (D.C. Bar No. 1617089)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW Washington, D.C. 20006
Telephone: (202) 887-4000
apierce@akingump.com
mdore@akingump.com

Steven A. Zalesin (Admitted Pro Hac Vice)
Joshua Kipnees (Admitted Pro Hac Vice)
George Soussou (Admitted Pro Hac Vice)
Gautam Rao (Admitted Pro Hac Vice)
Jonah Knobler (Admitted Pro Hac Vice)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2110
sazalesin@pbwt.com
jknobler@pbwt.com
jkipnees@pbwt.com
gsoussou@pbwt.com
grao@pbwt.com
Attorneys for Defendants

/s/ Julie T. Oliver-Zhang
Julie Oliver-Zhang, *Esq*. (D.C. Bar No. 997183)
**Oliver-Zhang Law, PLLC**
810 New Hampshire Ave. NW
Washington, DC 20037
Phone: (202) 643-1110
Fax: (202) 643-1596
Email: julie@oliverzhanglaw.com
*Lead Counsel for Plaintiff HLF*