UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHEMICAL TOXIN WORKING GROUP INC. d/b/a HEALTHYLIVING FOUNDATION INC., On behalf of themselves and all others similarly situated, as defined herein, <br><br> v. <br><br> JOHNSON & JOHNSON, AND JOHNSON & JOHNSON CONSUMER INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:22-cv-01259-RCL |

## JOINT STIPULATED PROTECTIVE ORDER

The Parties in this action (the "Action") seek entry of an Order under Federal Rule of Civil Procedure 26(c) and other applicable laws and rules to facilitate the orderly and efficient disclosure of relevant information, to minimize the potential for unauthorized disclosure of Confidential Material, and to obtain other relief agreed to by the Parties and set out in this Order.

Therefore, the Parties having stipulated, the Court, for good cause shown, hereby ORDERS:

1. **Scope.**

   a.   This Protective Order governs all Confidential Material, including "Highly Confidential Material—Attorney Eyes Only," designated pursuant to this Order.

   i.   "Confidential Material" means any hardcopy or electronic document, information, testimony (*i.e.*, depositions, declarations, or other pre-trial statements in this Action), and all copies, data, extracts, compilations,

summaries, reports, and information obtained, derived, or generated from such material that the party (including any non-party) designating the material as confidential ("Designating Party") reasonably believes to be entitled to confidential treatment under Federal Rules of Civil Procedure 26(c)(1)(G) or other applicable laws or regulations. Confidential Material includes, but is not limited to, nonpublic trade secrets (as defined in the Uniform Trade Secrets Act); other nonpublic research, development or commercial information that, if disclosed, the Designating Party is able to establish that it will result in competitive, commercial, or business harm; and any person's personal identifying information, financial information, medical/insurance information, or other information that is private under applicable laws or regulations.

ii.     "Highly Confidential Material—Attorney Eyes Only" means Confidential Material that the Designating Party reasonably believes in good faith to contain highly confidential information the disclosure of which would cause the Designating Party serious financial or other injury that cannot be avoided by less restrictive means, including but not limited to corporate trade secrets of the Designating Party, information obtained from a non-party pursuant to a non-disclosure agreement, and nonpublic research and development data of the Designating Party, not known to the public. Unless otherwise specified, provisions in this Order regarding "Confidential Material" shall also encompass "Highly Confidential Material—Attorney Eyes Only."

2

b.      This Order is binding upon all current and future Parties in this Action (including their respective corporate parents, subsidiaries, affiliates, successors, and attorneys and all other representatives or agents), their counsel, and all signatories to Exhibit A, the Non-Disclosure Agreement (deemed to be part of this Order), and all other persons or entities authorized under this Order or any other Order of this Court to receive or view Confidential Material.

c.      The entry of this Order does not preclude any Party in this Action from seeking further order of this Court, including to remove the "confidential" designation, to modify this Order, or objecting to discovery that the Party believes to be improper.

d.      Nothing herein shall be construed as an admission or concession by a Designating Party that any Confidential Material constitutes relevant, material, or admissible evidence in this Action.

e.      No material shall be designated as protected absent a good faith belief that the material is within the intended scope of this Protective Order.

f.      None of the parties shall be obligated to challenge the propriety of a confidential designation, and such failure to do so shall not preclude a subsequent challenge as to the propriety of such designation.

2.      **Designation of Confidential Material; Failure to Make Designations.**

a.      Documents Produced in Image, PDF, or hardcopy form ("Image"). The Designating Party shall place on each page the following legend: CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY, SUBJECT TO PROTECTIVE

ORDER.  The legend shall not obscure any content of the original document.  Any person making a copy of the image, if authorized under this Order, shall ensure that the same legend shows on the copy.

b.    <u>Documents Produced in Native Format</u> ("native file").  A Designating Party shall rename each native file to include, at the end of the file name and prior to the file extension, the following language:  CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY.  Any person making any copy of the native file, if authorized under this Order, shall not rename the file.

c.    <u>Deposition Testimony and Exhibits.</u>

i.    Following any deposition and for thirty (30) days after the last date of the deposition (in the case of a multiple day deposition subject to a single notice of deposition), all testimony from the deposition, transcripts of the deposition, and exhibits thereto shall be treated as constituting Confidential Material.  Following expiration of thirty (30) days after the last date of the deposition, unless a party (including any non-party) to the deposition notifies all other parties to the Action, in writing, that it intends to designate the testimony, transcript or exhibits (in whole or in part) as Confidential Material, the transcript, or portions of transcripts, or exhibits shall no longer remain subject to this Order.

ii.    Confidential Material designated before or at a deposition shall not be shown to a witness who is not a Qualified Person as described below and persons attending the deposition who are not Qualified Persons may be

excluded from the portions of the deposition during which Confidential Material is disclosed.

iii.     Deposition transcript or exhibit pages containing Confidential Material shall be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY, SUBJECT TO PROTECTIVE ORDER."

d.     <u>Pleadings, Motion Papers, and Written Discovery Papers.</u>

i.     A party may designate as Confidential Material portions of pleadings, motion papers (written motions, affidavits, briefs), and written discovery papers (requests and responses) if the party believes in good faith that the aforementioned documents contain Confidential Material subject to protection under applicable law.

ii.     A Party preparing such written papers should designate portions as Confidential Material when the papers are served or filed and conform with LCvR 5.1(h)(1).

iii.     A party receiving such written papers shall make designations within ten (10) days after service or filing of the papers, unless a different date is set by order of the Court or local rule of the Court.

e.     <u>Other Confidential Material.</u>   For Confidential Material in a form not addressed above (*e.g.*, DVDs, portable hard drives, or other tangible items), the Designating Party shall affix in a prominent place on the exterior of the items the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, PRODUCED BY

[PARTY NAME] IN [HLF v. JJCI Litigation]" or "HIGHLY CONFIDENTIAL—
ATTORNEY EYES ONLY, PRODUCED BY [PARTY NAME] IN [HLF v. JJCI
Litigation]." If feasible, the legend shall identify the portions constituting
Confidential Materials.

f.   <u>Confidential Material Disclosed by a Non-Party.</u>

    i.   A party to the Action issuing a subpoena to a non-party to the Action, shall
provide a copy of this Order to the non-party, and the non-party shall have
at least ten (10) business days after their production of any documents in
the Action in which to designate the documents (or any portion thereof) as
Confidential Material in accordance with this Order.   Within the ten (10)
business day period, the documents shall be treated as Confidential
Material.

g.   <u>Disclosure of Confidential Material Without Confidential Designation.</u>

    i.   Disclosure of Confidential Material without the required confidentiality
designation shall not be a waiver in whole or in part of the Disclosing
Party's claim of confidentiality, either as to the specific Confidential
Material disclosed or as to the same or related subject matter. This
paragraph and its subparts shall be interpreted to provide the maximum
confidentiality protection allowed under applicable law.

    ii.   After discovering a failure to make a confidentiality designation, the
Disclosing Party may give written notice that the material is Confidential
Material.   Receiving Parties then shall treat the material as Confidential
Material until the parties agree otherwise, or the Court resolves the issue.

The Disclosing Party may reproduce the material with the appropriate confidentiality legend, and each Receiving Party then shall return or destroy all copies of the identified material, including that held by persons to whom the Party distributed the material.

3.   **Required Handling of Confidential Material.**

a.   Confidential Material shall not be disclosed to anyone for any purpose other than as required for the preparation of trial, appeal or pre-trial proceeding (including but not limited to hearings and mediations) in this Action, and, in that limited context, shall be disclosed only to Qualified Persons as set out below.  Confidential Material shall not be used for any business, competitive or other non-litigation purpose.

i.   Confidential Material in native format may be copied solely (a) for use in a litigation-support application or (b) as specified in, and for purposes set out in, any relevant provision of an ESI Protocol to be agreed-upon by the Parties.

b.   Confidential Material produced in this Action is expected to consist of electronic data that may include private personal information of parties and non-parties and private commercial and sensitive proprietary information of parties and non-parties.

c.   If a Party receiving Confidential Material uses an ESI vendor, such vendor must employ practices that comply with industry security frameworks, such as ISO, NIST, CIS, or HITRUST.

d.   Each Party, counsel for a Party, or person or entity acting on behalf of a Party (e.g., electronic discovery or litigation-support vendors), except persons in Section 4 c, d, f, and Section 5 b, that receives Confidential Material shall implement policies

7

requiring confidential treatment of materials, non-disclosure, and conflict check. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order, including through the use of encryption, appropriate access controls, and the maintenance of cyber and privacy liability insurance.

e.    The following requirements apply in the event that unauthorized access to or acquisition of Confidential Material (other than a Party's own Confidential Material) is reasonably likely to have occurred (a "Breach"). Upon learning that a Breach is reasonably likely to have occurred, the Party, counsel for a Party, or person or entity acting on behalf of a Party to store, maintain, or transmit Confidential Material (e.g., electronic discovery or litigation-support vendors) who suffered the Breach shall promptly:

i.      Notify in writing the Designating Party of the Breach and identify Confidential Material that may have been accessed or acquired in the Breach and all facts related to the Breach;

ii.     Use its best efforts to retrieve all unauthorized copies of the Confidential Material;

iii.    Use its best efforts to prevent reoccurrence of the Breach;

iv.     Provide the relevant security and confidentiality provisions of any agreement with a third party with whom Confidential Material has been shared as permitted by this Order, as well as any other documentation, if any, demonstrating the third party's security measures and/or compliance with the agreement(s).

f.     Nothing in this Order shall limit any Designating Party's use of its own documents, including disclosure of its own Confidential Material to any person for any purpose.

g.     Under this Order, Plaintiffs may use their own medical records and disclose them to their physicians, and Defendants may use copies of them and disclose them to other Qualified Persons.

4.     **Qualified Persons With respect to Confidential Material.**  Subject to Paragraph 2.g.i above, Confidential Material (as distinct from Confidential Material—Attorney Eyes Only, covered in Paragraph 5 below) may be disclosed only to the following Qualified Persons:

a.     <u>All Parties in this Action</u>;

b.     <u>The Parties' counsel</u>, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in the Action;

c.     <u>Consultants</u> (i.e., experts or professionals whom counsel has retained to provide professional advice or services to assist in preparation for the trial of the Action, whether or not designated as a testifying expert), but only if (1) the Consultant has first signed a copy of Exhibit A, (2) the <u>Consultant</u> is not a Competitor of the Designating Party, and (3) Counsel for the Party retaining the Consultant, after duly diligent inquiry, does not know of any instance in which the Consultant has been found to be in violation of the terms of a protective order in any legal proceeding;

i.     As used in this Order, "Competitor" means any manufacturer of, or any entity involved in the sale of, baby or personal care products and any person who, upon reasonable and good faith inquiry, could be determined to be employed by, to be a consultant doing research for, or otherwise to

9

          be retained by any manufacturer of, or any entity involved in the sale of, baby or personal care products.

d.     A witness at a deposition or pre-trial hearing, if the witness will give relevant testimony regarding the Confidential Material to be disclosed or if disclosure is necessary to prepare the witness for the testimony, and only after the witness has signed a copy of Exhibit A.

     i.     This provision does not preclude the Designating Party from objecting to or moving to preclude disclosure to any witness, or from seeking amendment of this provision in the future;

e.     A person identified in the Confidential Material as an author, source, addressee, or recipient of the material or who already has a copy of it;

f.     Any other person mutually agreed upon among the Parties, but only if that person has signed a copy of Exhibit A

g.     Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them, if they have signed a copy of Exhibit A; and

h.     The Court or any Court personnel, including any court reporters.

**5.**     **Qualified Persons With respect to Confidential Material—Attorney Eyes Only.** Subject to Paragraph 3 above, Confidential Material—Attorney Eyes Only may be disclosed only to the following Qualified Persons:

a.     Counsel of record in this Action, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in the Action;

b.     <u>Any individual Party,</u> if the party's counsel reasonably believes that disclosure is necessary to prepare the Action for trial;

c.     The Qualified Persons described in Paragraphs 4.c through 4.h above.

6.     **Challenges to Designations.**

a.     If a Party challenges a designation, the challenged material shall be treated as Confidential Material until the Parties agree otherwise in writing or this Court issues an order that the material is not confidential.

b.     To challenge confidentiality designations, a Party shall identify in writing the specific Confidential Material (by Bates number, if possible) to which each challenge pertains, and the specific bases for each challenge. After receiving the challenges, the Designating Party shall have 15 days to state in writing whether the designations will be maintained or withdrawn. If the Parties cannot resolve all disputes after meeting and conferring, the Designating Party shall file a motion to defend challenged designations.

7.     **Use of Confidential Material in Court Prior to Trial.**

a.     The Party seeking to file Confidential Material shall file or lodge such materials with a motion or application to seal with the Court, or as otherwise provided by the procedures of this Court, notice of which must be provided to the Designating Party, if a party to the Action, by the Court's electronic service system. If the Designating Party is a non-party to the Action, the Party seeking to file the Confidential Material shall serve a copy of the motion or application to the non-party Designating Party by U.S. mail, or if agreed to in advance, by electronic mail to counsel representing the non-party Designating Party.

11

8. **Orders, Subpoenas, or Requests from Non-Parties.**

   a.     If a person or entity serves a Party in this Action with a request, subpoena, or order ("Demand") for disclosure of Confidential Material of a Designating Party, the Party receiving the Demand, if not prohibited under applicable law and within 48 hours of receipt, shall deliver a copy of the Demand to the Designating Party's counsel.  The Party shall not disclose any Confidential Material prior to the date specified for disclosure, unless a judicial officer or Court has ordered an earlier production and the Designating Party has not secured an extension of the time for the Party receiving the Demand to respond.  In its sole discretion and at its own cost, the Designating Party may oppose or seek to limit the Demand in any legal manner.

9. **Redactions.**

   a.     Prior to any discovery-related disclosure or production, the Producing Party may redact information or material that it believes in good faith is protected from disclosure by applicable privilege or immunity (*see* ¶ 11 of this Order), that is governed by any applicable privacy law or regulation, that contains  proprietary non-responsive information, or that any Order entered in this Action allows to be redacted.   The Producing Party also may withhold entire non-responsive attachments in a document family and may produce slipsheets in their place only if the Producing Party in good faith believes the attachments are also protected from disclosure by applicable privilege or immunity.

   b.     Methods of Redaction.

     i.      Each redaction in a TIFF-image shall be indicated clearly on the image as being based on "Privilege". For native files requiring redaction, redacted text shall be replaced with the term "Privilege" and the Producing Party shall produce the redacted file either in native format or in an authorized TIFF-image format.

     ii.     For metadata fields requiring redaction, field content shall be replaced by the term "Redacted," and the modified field shall be included in any required .dat file.

c.     The terms of ¶ 2.g above (Confidential Material) and of ¶ 11 (privileged information) shall apply to any unintentional failure to redact information.

d.     The Producing Party shall produce a redaction log for each item indicating the basis for the redaction, the bates number associated with the redacted item, and shall set forth all bases for the assertion of privilege or protection as required by applicable law and/or the terms of the discovery requests to which the Producing Party is responding. This redaction log, as to each document containing a redaction, shall be provided no later than ten (10) business days after production of the redacted document.

10.     **<u>Disposition of Confidential Material.</u>**

a.     After final disposition of any appeals or after the time for filing any appeal has passed, each Party in the Action promptly shall, at the request of the Designating Party, either return to the Designating Party its Confidential Material (including on any litigation-support application or in the possession, custody, or control of any person to whom the Party distributed Confidential Material), destroy it, or

otherwise shall comply with any applicable order of the Court.  Within 30 days of any such action, the Party shall certify in writing to the Designating Party that the required return or destruction has been completed.

b.      As exceptions to the above requirements,

       i.      Counsel may retain Confidential Material in copies of pleadings, motions, or other court-filed papers, in official transcripts and exhibits thereto, and in attorney work product, including counsels' email and document management systems.  Counsel shall continue to treat all such materials as Confidential Material pursuant to the requirements of this Order.

      ii.      Confidential Material stored on backup storage media is sequestered.  If such data is restored from backup media, the Receiving Party or its agent must promptly return or destroy the restored Confidential Material and provide the certification required in ¶ a above.

     iii.      This Order shall continue to apply to any such materials retained by counsel.

**11.      Disclosed Privileged Information.**

The Parties have agreed that, in this Action, they do not intend to disclose Privileged Information.  Pursuant to Federal Rule of Evidence 502(d) and 28 U.S. Code § 1738, any disclosure of Privileged Information ("Disclosed Privileged Information") shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information and its subject matter.

Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

14

Any party receiving materials that reasonably appear to be Privileged Information shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to request return of the materials.

If a Disclosing Party notifies the Receiving Party that Privileged Information has been disclosed, the Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Disclosed Privileged Information, unless the Parties agree, or the Court orders, otherwise; the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Disclosed Privileged Information that such information is subject to this Order and may not be copied, distributed, or otherwise used; and the Receiving Party shall, within ten (10) court days, return, destroy, or delete all Disclosed Privileged Information and all notes or other work product revealing its content in the possession, custody, or control of the Receiving Party, its attorneys, or any person to whom the Party provided the Disclosed Privileged Information. The Designating or Disclosing Party shall provide a detailed privilege log supporting the assertions of privilege as required by applicable law and the requests to which the documents were produced, no later than fifteen (15) business days after return of the documents by the Receiving Party.

For purposes of this Order, Disclosed Privileged Information that is not reasonably accessible under Federal Rules of Civil Procedure 26(b)(2)(B) because stored by the Receiving Party on backup storage media is deemed to be sequestered.  Should such data be retrieved, the Receiving Party must promptly take steps to delete the restored Disclosed Privileged Information.

To contest the claim of attorney-client privilege or work product protection, the Receiving Party may—no later than forty (40) days after receipt of the privilege log—move the Court for an Order compelling production of the contested material ("Disclosure Motion").

The Disclosing Party shall retain the burden of establishing its privilege or work product claims.

The motion shall be filed or lodged conditionally under seal; any Disclosed Privileged Information attached to or disclosed in the motion shall be deemed submitted solely for the Court's *in camera* review unless otherwise ordered by the Court.

The motion shall not assert as a ground for entry of such an Order the fact or circumstances of the production of Disclosed Privileged Information.

Pending resolution of the motion, the Receiving Party must not use the contested information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

**Rule 502**.   Federal Rule of Evidence ("FRE") 502(b) is inapplicable to Disclosed Privileged Information, which shall receive the maximum protection afforded by FRE 502(d). Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings.  Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

## 12.   <u>Order Survives Termination of Action</u>

This Order constitutes an enforceable agreement between the Parties, their agents, and their attorneys and shall be binding after termination of this action.  To enforce this Order, the Court shall retain jurisdiction over any person or entity in receipt of Confidential Material.

Julie Oliver-Zhang, Esq.
Oliver-Zhang Law, PLLC
P: (202) 643-1110
F: (202) 643-1596
E: Julie@oliverzhanglaw.com

Laurence D. King (Admitted *Pro Hac Vice*)

Steven A. Zalesin (Admitted *Pro Hac Vice*)
Joshua Kipnees (Admitted *Pro Hac Vice*)
George S. Soussou (Admitted *Pro Hac Vice*)
Gautam Rao (Admitted *Pro Hac Vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

Kathleen A. Herkenhoff (Admitted *Pro Hac Vice*)
Matthew B. George (Admitted *Pro Hac Vice*)
Blair E. Reed (Admitted *Pro Hac Vice*)
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415/772-4700
415/772-4707 (fax)
Email:
lking@kaplanfox.com
kherkenhoff@kaplanfox.com
mgeorge@kaplanfox.com
breed@kaplanfox.com

Aida Poulsen (*Pro Hac Vice* pending)
Poulsen Law P.C.
282 11th Avenue, Suite 2612
New York, NY 10001
Telephone: (650) 296-1014
Email:    ap@poulsenlaw.org
Peter Sato (Pro Hac Vice pending)

Poulsen Law P.C.
282 11th Avenue, Suite 2612
New York, NY 10001
Telephone: (646) 776 5999
Email: ps@poulsenlaw.org

*Attorneys for Plaintiff and the Proposed Class*

Telephone: (212) 336-2110
sazalesin@pbwt.com
jkipnees@pbwt.com
gsoussou@pbwt.com
grao@pbwt.com

Anthony T. Pierce (D.C. Bar No. 415263)
Miranda A. Dore (D.C. Bar No. 1617089)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4000
apierce@akingump.com
mdore@akingump.com

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*

**IT IS SO ORDERED**

Ryce C. Lwtt, U.S.D.J. 8/7/23